IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY CRAWFORD, JR. | § | |
|   TDCJ-CID #491148 | § | |
| V. | § | C.A. NO. C-04-335 |
| | § | |
| DOUG DRETKE, ET Al. | § | |

## ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

In this civil rights action, plaintiff complains that he was kept in administrative segregation for eleven years without a hearing and that, during this time, he was repeatedly beaten and terrorized by defendants. DE #1. By Order entered February 1, 2005, plaintiff's claims against certain Galveston defendants were dismissed for improper venue, and his due process claims challenging his placement in administrative segregation was dismissed as frivolous. DE #16. The Court retained plaintiff's excessive force claims against defendants Dugan, Quintera, Garza, Weir and Bailey, as well as plaintiff's claims against supervisors Dretke and Martinez. Id.

On February 7, 2005, defendants Dretke and Dugan filed their answer and raised the defense of qualified immunity.[1] See DE #25 at ¶ 14. On March 14, 2005, plaintiff served defendants with a Request for Production of Documents. Defendants Dretke and Dugan object to plaintiff's discovery request as premature, arguing that discovery is not authorized until after the Court has ruled on their entitlement to qualified immunity. DE #31. In the alternative, defendants request an extension of 30 days to answer plaintiff's request for production. Id.

The doctrine of qualified immunity protects government officials performing discretionary functions from civil liability if their conduct violates no clearly established statutory or constitutional right of which a reasonable person would have known. Evans v. Ball, 168 F.3d 856, 860 (5th Cir. 1999); Sorenson v. Ferrie, 134 F.3d 325, 327 (5th Cir. 1998). Qualified immunity is an affirmative

---

[1] The Attorney General has not yet obtained the authority to represent the other defendants. See DE #24.

defense not only to liability, it also provides officials immunity from suit. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); Matherne v. Wilson, 851 F.2d 752, 756 (5th Cir. 1988). Whether an official is entitled to qualified immunity depends upon whether he or his actions were objectively reasonable in light of then clearly established law. Anderson v. Creighton, 483 U.S. 635, 638-39 (1987); Bazan v. Hidalgo County, 246 F.3d 481, 488 (5th Cir. 2001).

It has already been determined that plaintiff has pled sufficiently § 1983 claims for excessive force and supervisor liability. See DE #16, #22. The facts pled by plaintiff, if true, would overcome defendants' defense of qualified immunity. Accordingly, defendants are not entitled to a stay of discovery. See Heitschmidt v. City of Houston, 161 F.3d 834, 840 (5th Cir. 1998). Accordingly, defendants' motion for protective order, DE #31, is DENIED. Defendants' request for a 30-day extension of time to respond to plaintiff's request for production is GRANTED. Defendants are to respond to plaintiff's request for production within thirty (30) days of the date of entry of this order.

ORDERED this 4th day of May, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE