**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **JOHNNY CRAWFORD, JR.,** | § | |
| | § | |
| **V.** | § | **C.A. NO. C-04-335** |
| | § | |
| **DOUG DRETKE, ET AL.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSDERATION OF THE ORDER DENYING HIM APPOINTMENT OF COUNSEL**

Plaintiff is an inmate currently incarcerated at the Michael Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), in Tennessee Colony, Texas. Proceeding *pro se,* plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 alleging that while incarcerated at the McConnell Unit in Beeville, Texas, defendants used excessive force against him repeatedly. On July 9, 2004, plaintiff's first motion for appointment of counsel was denied because plaintiff's case had not yet been screened pursuant to the PLRA (D.E. 9). Pending is plaintiff's motion for reconsideration of the order denying him appointment of counsel (D.E. 40).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-

standing right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 352 (1996). It

is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1), unless the case presents

"exceptional circumstances," thus requiring the appointment. <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th

Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.

<u>Jackson v. Dallas Police Department</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v.</u>

<u>Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  <u>Id.</u>

While plaintiff's allegations are serious, the case is not complex.  Plaintiff alleges that the

defendants repeatedly beat him, causing serious injuries, and that defendants prevented him from

filing grievances.

The second and third factors are whether the plaintiff is in a position to adequately

investigate and present the case. <u>Id.</u>  Plaintiff's pleadings and his testimony during the evidentiary

hearing demonstrate he is of average intelligence, he is able to articulate his claims, and he

understands the issues important to his case.  Plaintiff appears to be able to adequately investigate

and present his case at this stage.

The fourth factor which should be examined is whether the evidence will consist in large

part of conflicting testimony so as to require skill in the presentation of evidence and in cross-

examination.  Examination of this factor is premature.  The case has not yet been set for trial and

dispositive motions have not been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and

equitable disposition of the case.  Plaintiff, if he prevails, may request an award of attorneys fees,

42 U.S.C. § 1988, and he is not prohibited from hiring an attorney on a contingent-fee arrangement.

Plaintiff's motion for reconsideration of the order denying him appointment of counsel (D.E. 40)

is denied without prejudice at this time.  This order will be reconsidered *sua sponte* as the case

progresses and/or when deemed necessary to move this case toward final disposition.

ORDERED this 8th day of June, 2005.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE