IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

JOHNNY CRAWFORD, JR.          §
          TDCJ-CID #491148          §
V.                                                §          C.A. NO. C-04-335
                                                   §
DOUG DRETKE, ET AL.          §

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

This is a prisoner civil rights case filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pending is plaintiff's motion to compel production of documents (D.E. 48), to which defendants have

filed a response (D.E. 53). For the reasons stated herein, plaintiff's motion to compel is granted in

part, and denied in part.

## I. Background

Plaintiff is pursuing claims of excessive force and supervisor liability. He claims that he

suffered "years of physical abuse at the hands of Weir, Dugan, Baily, Garza, and Qunitero,"

(McConnell Unit correctional officers), and that defendants Dretke and Sergeant Martinez are liable

for the correctional officers' abuse "for failing to affirmatively and adequately train the subordinates

named herein." D.E. 48 at 1.

On March 14, 2005, plaintiff filed a request for production of documents directed to

defendants (D.E. 29). Because discovery is not filed with the court, L.R. 5.5, plaintiff's motion was

struck (D.E. 30); however, plaintiff was advised that he could serve defendants with a copy of his

request for production, and that defendants would need to respond within thirty days from their receipt

of the request. See Fed. R. Civ. P. 33(b)(3), 34(b) and 36(a).

On March 31, 2005, defendants filed a motion for protective order, requesting that discovery

be stayed until defendants' qualified immunity defense had been addressed (D.E. 31). On May 4,

2005, the motion was denied, D.E. 38, and defendants were instructed to file their response to plaintiff's request for production within thirty days of the date of entry of the order, that is, by June 4, 2005.  Id.  On June 2, 2005, defendants mailed their response to plaintiff's request for production. See D.E. 53 at ¶ 6.

In his motion to compel, D.E. 48, plaintiff complains that defendants served him with only a partial production of the documents requested, despite the fact that they failed to object to any specific request.  In addition, plaintiff complains that on June 7, 2005, defendants served him with duplicate copies of his lengthy medical records and raised untimely objections to his Request for Production. Plaintiff contends that defendants' objections to his request for production are untimely, and he seeks an order compelling defendants to produce the additional information.

## II.  Discussion

### A.  Timeliness of defendants' responses.

Fed. R. Civ. P. 26 states that "... a party must without awaiting a discovery request, provide to the other parties" specific information, including "a copy of ... all documents ... and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses ...."  Fed. R. Civ. P. 26(a)(B).  Defendants point out that the documents served on plaintiff on May 7, 2005, were *not* their responses to plaintiff's request for production, but were in fact the "Initial Disclosures" required under Rule 26.

Concerning defendants' response to plaintiff's production requests, defendants had thirty days from May 4, 2005, until June 4, 2005, to serve their responses timely on plaintiff.  See D.E. 38. Defendants mailed their responses on June 2, 2005.  See D.E. 53, Ex. A (cover letter from defendants' counsel to plaintiff dated June 2, 2005, with enclosed responses to plaintiff's production request).

Defendants' responses to plaintiff's production request was timely.

**B.    Motion to Compel.**

    *1.    Request for Production No. 1.*

In his Request for Production No. 1, plaintiff requested: "All employee logs from the TDCJ McConnell Unit's AD SEG wings from the date of January 1, 1993 thru December 31, 2003." See D.E. 53, Ex. A.  Defendants objected on the grounds that the request was cumulative and duplicative under Fed. R. Civ. p. 26(b)(2)(i).  Id. at 3.  In his motion to compel, plaintiff now states that he does not seek the entire log books from each month during his 10 years of incarceration, but instead seeks the employee log books for March 1993, August 1995, May 1997, October 1998, June 2002, and February 2003.  D.E. 48 at 3.  Defendants reassert their objection to this request.

Following the October 14, 2004 Spears hearing, the specific incidents of which plaintiff complained were detailed in the initial recommendation to dismiss certain claims and to retain case. See D.E. 16.  Plaintiff's  claims of excessive force against correctional officers Dugan, Quinterra, Weir, Garza and Bailey, as well as his supervisor liability claims against defendants Dretke and Martinez, were retained.  D.E. #22.

On February 7, 2005, the Attorney General filed an Answer on behalf of defendants Dretke and Dugan.  DE #25.  The Attorney General also filed an advisory to the Court relating that the names "Weir" and Quinterra" did not appear on the roster of former or current McConnell Unit employees, and that there was more than one individual with the surnames "Bailey," "Garza," and "Martinez" employed at the McConnell Unit during the time covering plaintiff's claims.  D.E. 24.  The Attorney General asked that plaintiff  identify with more particularity the correctional officers he alleges of wrongdoing.  Id.  On April 15, 2005, plaintiff filed a More Definite Statement to better identify the

defendants,  D.E. 34, and on May 25, 2005, defendants Quinterra, Garza, and Bailey filed an answer (D.E. 41).

Plaintiff's request for employee log books, as modified in his motion to compel, relate to the specific events of which he complains.  He claims that he wants the log books to demonstrate how much "access" defendants had to him and to identify which Sergeant Martinez was assigned to Ad. Seg.  Defendants object arguing that the log books do not indicate how much "access" defendants had to plaintiff, but only the date and shift of each employee.  In addition, the log books for 1993 and 1994 were destroyed, prior to plaintiff having filed suit.  D.E. 53 at ¶ 11.

While the log books might not show "access," they provide some evidence of what dates and times the defendants were working and may serve to bolster plaintiff's memory and/or credibility. The employee log books requested for the specific months identified, and that have not been destroyed, are relevant, and the request is not overly broad, cumulative or duplicative.  Thus, plaintiff's motion to compel Request for Production No. 1, as modified, is GRANTED.  Defendants are ordered to produce to plaintiff copies of the employee log books for the following months:  August 1995; May 1997; October 1998; June 2002; and February 2003.

### 2.  *Redacted information.*

In his motion to compel, plaintiff complains that he is entitled to "unredacted copies" of all requested materials and those materials provided in the initial disclosure.  Defendants respond that only "personal identifying information" was redacted from the records.

Texas law protects from disclosure certain personal information of a correctional officer to an incarcerated person.  Tex. Civ. Prac. & Rem. Code Ann. § 30.010(a) (Vernon 1997).  In addition, release of such information is a criminal offense.  Tex. Gov't Code Ann. § 552.352 (Vernon 2004). Plaintiff's motion to compel the production of unredacted information is DENIED.

4

### *3. Removal of attachments.*

Plaintiff complains that defendants removed certain attachments when they produced their initial disclosures, including affidavits. D.E. 48 at 5, ¶ B. Defendants acknowledge that the initial disclosure contained an interoffice communication referencing a use of force allegedly involving defendants Dugan and Bailey, and the memorandum referenced certain attachments; however, defendants' counsel is not in possession of the attachments. The Attorney General's Office has requested these attachments from the McConnell Unit/TDCJ, but has not yet received them and is not aware that these attachments even exist.

There is no reason to believe that defendants' counsel would not produce these attachments. If and when these documents become available, defendants shall produce them to plaintiff. At this juncture, however, they are not available, and plaintiff's motion to compel these attachments is denied without prejudice.

### *4. Request for Production No. 4.*

In his Request for Production No. 4, plaintiff requested: "All documents, manuals, and directives which refer to policies toward staff supervision of inmates in TDCJ Prisons." See D.E. 53, Ex. A at 4. Defendants objected to this request as overly broad. <u>Id.</u> Defendants complain that the TDCJ maintains hundreds of pages of manuals, documents and directives relating to supervision of inmates, and that these manuals are routinely being updated, such that without knowing what policies plaintiff is interested in, the request is overly burdensome.

This is a use of force case. As such, plaintiff is interested in the TDCJ policies governing the use of force, when it is to be used, how it is applied, and what procedures correctional officers are to follow. As to Request for Production No. 4, plaintiff's motion to compel is granted to the extent

defendants are ordered to produce such TDCJ use of force policies that were in effect from January 1993 to the present, except that defendants are not required to produce use of force policies which are *currently* available in plaintiff's unit law library.

  **5. *Request for Production No. 6.***

   In his Request for Production No. 6, plaintiff requested: "All documents, files and/or reports contained in defendant's [sic] personal TDCJ files which relate to any form of complaint by inmates or staff, any action taken, during their entire employment history, including Director Doug Dretke." See D.E. 53, Ex. A at 5.  Defendants objected on the grounds the request was irrelevant, overly broad, and burdensome.  <u>Id.</u>  Plaintiff seeks to compel production of these documents.

   Defendants state that the TDCJ does not maintain records on every complaint ever filed against correctional officers or staff, but only instances where disciplinary action is taken, and that information is then kept in the officer's personnel file.  Plaintiff fails to explain how "complaints" against a defendant officer will assist him in the prosecution of his excessive force claims.

   Because any disciplinary action taken against defendants may arguably be relevant at trial pursuant to Fed. R. Civ. P. 404(b), or on the issue credibility, defendants shall provide to plaintiff all information, files, notes and papers related to any disciplinary action taken against each defendant during the period of time covered by this lawsuit.  Because the information in the personnel files may only be relevant at trial, defendants are not required to provide this information until thirty days prior to trial, and may redact personal identifiers.  In lieu of providing information from defendants' disciplinary files, defendants may provide the information to the court under seal thirty days prior to trial for an *in camera* inspection.

Defendants objected to additional requests for production, but plaintiff has not sought to compel such production.  As to any matters defendants have been instructed to produce information as stated herein, defendants are to do so within thirty (30) days of the date of entry of this Order.

ORDERED this 15th day of September, 2005.


B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE