IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JOHNNY CRAWFORD, JR., § | |
| § | |
| V. § | C.A. NO. C-04-335 |
| § | |
| DOUG DRETKE, ET AL. § | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate currently incarcerated at the Michael Unit of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"), in Tennessee Colony, Texas. Proceeding *pro se,* plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 alleging that while incarcerated at the McConnell Unit in Beeville, Texas, defendants used excessive force against him repeatedly. In a notice to the court filed October 11, 2005, plaintiff makes his second request for appointment of counsel (D.E. 61).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 352 (1996). It

is within the Court's discretion to appoint counsel, 28 U.S.C. § 1915(e)(1), unless the case presents "exceptional circumstances," thus requiring the appointment. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. While plaintiff's allegations are serious, the case is not complex. Plaintiff alleges that the defendants repeatedly beat him, causing serious injuries, and that defendants prevented him from filing grievances.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. Id. Plaintiff's pleadings and his testimony during the evidentiary hearing demonstrate he is of average intelligence, he is able to articulate his claims, and he understands the issues important to his case. Plaintiff appears to be able to adequately investigate and present his case at this stage. Plaintiff has succeeded in his requests to obtain discovery, and knows his case well.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature. The case has not yet been set for trial and dispositive motions have not been filed.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. Plaintiff, if he prevails, may request an award of attorneys fees, 42 U.S.C. § 1988, and he is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 61) is denied without prejudice at this

time. This order will be reconsidered *sua sponte* as the case progresses and/or when deemed necessary to move this case toward final disposition.

ORDERED this 26th day of October, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE