IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY CRAWFORD, JR., § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | C.A. NO. C-04-335 |
| § | | |
| DOUG DRETKE, ET AL., § | | |
| Defendants. § | | |

## MEMORANDUM AND RECOMMENDATION ON PLAINTIFF'S REQUEST FOR RECUSAL AND DISQUALIFICATION

Plaintiff, an inmate assigned to TDCJ-CID's Michael Unit in Tennessee Colony, Texas, filed this *pro se* civil rights lawsuit on June 28, 2004 (D.E. 1). 42 U.S.C. § 1983. Defendants have filed a motion for summary judgment, and plaintiff's response is due on or before December 1, 2005. On November 14, 2005, plaintiff filed a pleading titled "Motion for Order of Mandamus, Alternatively, Motion for Recusal of Magistrate Judge" (D.E. 66). Plaintiff's Motion for an Order of Mandamus appears to be a request, pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), that the District Court review the October 26, 2005, decision of the undersigned United States Magistrate Judge denying him appointment of counsel. The Clerk shall refer this motion to the District Court (D.E. 66-1). Plaintiff also requests recusal and disqualification of the undersigned (D.E. 66-2). His request will be addressed in this memorandum and recommendation.

### Applicable Law

Plaintiff's motion is construed as a motion for recusal and to disqualify pursuant to 28 U.S.C. §§ 144, 455. These sections of the United States Code address a judicial officer's bias or prejudice. Section 144 sets forth the procedure for a party to file a motion requesting that a judicial officer

remove himself from a case, whereas section 455 requires a judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The requirements of the two sections are "similar if not identical". U.S. v. MMR Corp., 954 F.2d 1040, 1045 (5th Cir. 1992). A motion for recusal is committed to the sound discretion of the District Court. United States v. Merkt, 794 F.2d 950, 960 (5th Cir. 1986), cert. denied, 480 U.S. 946, 107 S.Ct. 1603 (1987).

Title 28, United States Code, Section 144 requires that when a party to any proceeding in a district court makes and files a timely and sufficient affidavit alleging that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further, and another judge shall be assigned to hear the proceeding. 28 U.S.C. § 144. Once the motion is filed, the judge must pass on the legal sufficiency of the affidavit, but may not pass on the truth of the matter alleged. Henderson v. Department of Public Safety and Corrections, 901 F.2d 1288, 1296 (5th Cir. 1990) (citations omitted). A legally sufficient affidavit must meet the following requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true such facts would convince a reasonable man that a bias exists; and (3) the facts must show that the bias is personal, as opposed to judicial, in nature. Id. (citing Parrish v. Board of Commissioners of Alabama State Bar, 524 F.2d 98, 100 (5th Cir. 1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685 (1976)); Merkt, 794 F.2d at 960. If the affidavit is not legally sufficient under § 144, there is no need for referral of the matter to another judge. Henderson, 901 F.2d at 1296. Moreover, the moving party must exercise reasonable diligence in filing an affidavit after discovering facts which show bias. Pomeroy v. Merritt Plaza Nursing Home, Inc., 760 F.2d 654 (5th Cir. 1985).

Under the first two parts of the test for legal sufficiency of the affidavit, the facts in Plaintiff's affidavit must be material and stated with particularity, and if true must be such that if true such facts would convince a reasonable man that a bias exists. Henderson, 901 F.2d at 1296. In his motion

plaintiff he articulates no facts justifying recusal or disqualification of a judge. Plaintiff complains only of the rulings of the magistrate judge. Adverse rulings are not an adequate basis for demanding recusal. MMR Corp., 954 F.2d at 1045. Plaintiff's affidavit is not legally sufficient and it need not be referred to another judge for a ruling. Henderson, 901 F.2d at 1296.

## RECOMMENDATION

It is respectfully recommended that Plaintiff's motion for disqualification and recusal (D.E. 66-2) be denied. Plaintiff's motion for order of mandamus, which appears to be a request for review of the ruling denying plaintiff appointed counsel (D.E. 66-1) is referred to the District Court for review.

Respectfully submitted this 16th day of November, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).