UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| Johnny Crawford, Jr., TDCJ-CID 491148 § | |
| Plaintiff, § | |
| § | C.A. No. 04-cv-335 |
| v. § | |
| § | |
| Douglas Dretke, et. al, § | |
| Defendants. § | |

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. Background**

Before the Court is defendant's Motion for Summary Judgment (D.E. 85). On January 11th, 2007, the United States Magistrate Judge filed a Memorandum and Recommendation (D.E. 107) addressing this motion. On January 19, 2007, defendants timely filed objections (D.E. 112). Having reviewed the Memorandum and Recommendation, the objections, pleadings, evidence, and motions on file, the Court accepts the Magistrate Judge's recommended decision.

**II. Objections**

In response to the Memorandum and Recommendation, defendants raise four objections.

**A. Exhaustion**

The Magistrate Judge concluded that plaintiff sufficiently exhausted his administrative remedies. Defendants object, insisting that plaintiff's Step 1 grievance did not meet the

content requirements under *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) and 42 U.S.C. § 1997e *et seq* [The Prison Litigation Reform Act, hereinafter PLRA].

In *Johnson*, the Fifth Circuit explained that a prisoner's administrative grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. 385 F.3d at 522. The defendants need not be named in the grievance, and notice is given where the grievance provides functional descriptions or discrete references to times and places. *Id.* at 523.

The Supreme Court has recently spoke on the exhaustion requirements of the PLRA. *Jones v. Bock*, 549 U.S.___ (2007); *Wodford v. Ngo*, 126 S. Ct. 2378 (2006). In *Woodford*, the Court held that to exhaust administrative remedies prisoners must complete the administrative review process in accordance with the "applicable procedural rules." *Woodford*, 126 S. Ct. at 2385. In *Jones*, the Court further clarified that these "applicable procedural rules" are defined by the prison grievance process itself, and not by the PLRA. *Jones v. Bock*, 549 U.S.___ (2007) (holding that the level of detail necessary in a grievance "will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion").

Here, plaintiff's Step 1 grievance references a particular time and a particular place—the punitive segregation unit from the years 1993 to 2004. While this is a long period of time, plaintiff's claims are of continuing violations. He claims defendants prevented and interfered with his previous attempts to file grievances.

The record does not reflect the applicable procedural rules of the prison system. The TDCJ returned plaintiff's grievance as untimely, and *not* for failure to sufficiently identify the individuals who caused him harm. In the absence of any evidence to the contrary, the Court infers from this fact that the grievance must have satisfied the prison's own procedural rules on the specificity of detail.

Based on the nature of plaintiff's claims, and the reason his grievance was returned unprocessed, his Step 1 grievance provided sufficient notice. *Johnson*, 385 F.3d at 522.

### B. Statute of Limitations

Finding evidence of systematic destruction of plaintiff's attempted grievances and the denial of plaintiff's requests for legal supplies and visits, the Magistrate Judge recommended that the limitations be tolled until plaintiff was transferred to the Michael Unit. Defendants object, arguing that prior to 2001 plaintiff was free to file suit without exhausting his administrative remedies.

Because § 1983 actions are governed by the Texas statute of limitations for torts, Texas equitable tolling principles also apply. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). Texas permits equitable tolling where a plaintiff's legal remedies are precluded by the pendency of other legal proceedings, or where the plaintiff is disabled . *Holmes v. Texas A&M University*, 145 F.3d 681, 685 (5th Cir. 1998); TEX. CIV. PRAC. REM. CODE § 16.001 (Vernon 2006). Texas also recognizes the doctrine of equitable estoppel, which can bar a defendant from raising the defense of limitations. *Vaugn v. Strum-Hughes*, 937 S.W.2d 106, 108 (Tex. App.—Fort Worth 1996, writ denied). These equitable principles are

borrowed, and are to be the *primary guide* to the federal courts. *F.D.I.C. v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993); *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 465 (1975) (emphasis added). The federal courts may disregard the state rules where they are inconsistent with the federal policy. *Dawson*, 4 F.3d at 1309. In some circumstances, it may be appropriate for federal courts to apply both state and federal tolling principles. *Id.* at 1309 n.3.

Federal equitable tolling principles apply "'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (citation omitted). Here, there is evidence that defendants prevented the plaintiff from filing grievances, and denied his requests for legal visits and materials. The Court agrees with the Magistrate Judge that equitable tolling principles should apply in this case.

**C. Qualified Immunity**

*1. Excessive Force*—Defendants object that plaintiff has not met his burden of showing he suffered more than a de minimis injury. Plaintiff has provided sworn testimony that he suffered nerve damage, injured his back, and had to undergo surgery as a result of his injuries. (PX-1 at ¶ 2). This is evidence of more than a de minimis injury. *See Gomez v. Chandler*, 163 F.3d 921, 924–925 (5th Cir. 1999) (holding that cuts, scrapes, and contusions were more than de minimis as a matter of law).

*2. Failure to Protect*—Defendants object that plaintiff has not met his burden of showing that defendant Dretke had actual knowledge that plaintiff faced a substantial risk

of serious harm. There is some evidence that plaintiff sent defendant Dretke numerous letters notifying him of the situation. (D.E. 16 at 12). Defendants insist that this evidence is mere conclusory allegation, and does not satisfy the plaintiff's burden. Defendants rely on *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) and *Burns-Toole v. Byrne*, 11 F.3d 1270, 1274 (5th Cir. 1994).

*Salas* involved the conclusory allegations of an expert witness on proper police procedure. *Salas*, 980 F.2d at 305. There, the witness simply asserted, without explaining the basis of his opinion, that the defendant had acted with deliberate indifference and conscious disregard. *Id.* In *Burns-Toole*, the 5th Circuit decided that the plaintiff could not avoid summary judgment with "mere conclusory statements evidencing only a personal belief that the defendants were motivated by an impermissible animus." *Burns-Toole*, 11 F.3d at 1274.

The legal standards at issue in *Salas* and *Burns-Toole* were far more complex and subjective than notice. Here, plaintiff is not seeking to avoid summary judgment on qualified immunity based on his conclusory belief regarding the defendants subjective motivations. Instead, plaintiff is relying on representations of fact, made in open court at his *Spears* hearing, about letters he allegedly sent. Considering these facts in the light most favorable to the non-movant, the Magistrate Judge correctly concluded that a material fact issue remains as to whether defendant Dretke had notice of a substantial risk of harm. *Whelan v. Winchester Prod. Co.*, 319 F.3d 225, 228 (5th Cir. 2003).

## III.  Conclusion

The Court accepts the Magistrate Judge's recommended decision. Accordingly, the Court DISMISSES with prejudice plaintiff's claims against defendants Weir and Martinez. The court GRANTS summary judgment in favor of defendants on plaintiff's claims for monetary damages against defendants in their official capacities.  In all other respects, the Court DENIES defendant's Motion for Summary Judgment (D.E. 85).

ORDERED this 12th day of March, 2007.

*Hayden Head*
HAYDEN HEAD
CHIEF JUDGE